# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| ESTELA LERMA-CASTILLO<br>Fed. Reg. No. 65784-180,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 3:08-CV-106-KC<br>§   Criminal Action No. 3:06-CR-618-KC<br>§<br>§<br>§<br>§<br>§ |

## ORDER

On this day, the Court considered Petitioner Estela Lerma-Castillo's ("Petitioner") pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Motion") (Doc. No. 45)[1] and "Government's Response to Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" ("Response") (Doc. No. 49). For the reasons set forth herein, Petitioner's Motion is **DENIED**.

**I.    BACKGROUND**

    **A.    Petitioner's Criminal Case 3:06-CR-618-KC**

On March 22, 2006, a Grand Jury sitting in the Western District of Texas returned a two-count Indictment charging Petitioner with Importation of a Controlled Substance, in violation of 21 U.S.C. §952(a); and Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §841(a). *See* Indictment 1-2 (Doc. No. 10). Both counts involved 50

---

[1] Because all the documents in this Order – whether referring to the Petitioner's criminal or civil cases – are consolidated in Petitioner's Criminal Case, *United States v. Lerma-Castillo*, No. 3:06-CR-618-KC, the Court will reference all docket numbers from the criminal case unless otherwise indicated.

kilograms or more of marijuana. *See id.* On June 6, 2006, after a trial before the Court, Petitioner was found guilty on both counts. *See* Docket Sheet, June 6, 2006 (Text-Only Entry). On September 14, 2006, the Court sentenced Petitioner to 51 months imprisonment and a supervised release term of 3 years on each count, with the sentences to run concurrently. *See* J. in a Criminal Case (Doc. No. 29) at 2-5. Petitioner was also ordered to pay a special assessment of $200.00, and fined $500.00. *See id.* at 6.

On September 18, 2006, Petitioner filed her notice of appeal. *See* Notice of Appeal (Doc. No. 30). In her Appeal, Petitioner argued, inter alia, that her sentence was unreasonable because this Court failed to properly account for her age and lack of criminal history when sentencing her. *See* J./Mandate of the United States Court of Appeals, Fifth Circuit, No. 06-51355, July 27, 2007 ("Appeal Judgment") (Doc No. 42) at 3. On July 27, 2007, the Fifth Circuit held that this Court had considered Petitioner's particular circumstances and the relevant factors in 18 U.S.C. § 3553(a), and that the Court was not required to provide a more explicit statement of its rationale. *Id.* The Fifth Circuit further held that Petitioner's sentence was reasonable. *Id.*

### B.      Petitioner's Civil Case 3:08-CV-106-KC

On April 16, 2008, Petitioner filed the instant Motion. In her Motion, Petitioner raises two arguments. First, Petitioner argues that she "was not considerd [sic] for my age or health[,]" and states that she has "diabetes, high blood pressure, heart problems, hernia, circulation, badleft [sic] knee, and more[.]" Mot. 5. The Court interprets this as a claim that Petitioner was improperly sentenced because the Court failed to consider her age and health. Second, Petitioner argues that she "was not represented by my attorney as suppost [sic] to[,]" and that "he toke [sic] me to a trial I did not agree to go for the reason that I did not want my time to be more than it was

suppost [sic] to[.]" *Id.* The Court interprets this argument as a claim that her counsel rendered her ineffective assistance because he failed to allow her to plead guilty before trial.

## II. DISCUSSION

### A. Standard

#### 1. 28 U.S.C. § 2255

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). Typically, before a court will grant relief pursuant to § 2255, the movant must establish "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error; or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163

F.3d 909, 911 (5th Cir. 1999). The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet,* 81 F.3d at 589. If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992). This procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (stating the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

## 2. Ineffective Assistance of Counsel

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions. U.S. CONST. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims ordinarily are brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5.

To merit relief on an ineffective assistance of counsel claim, a movant must demonstrate both (1) his "counsel's performance was deficient;" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both

showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). In order to obtain relief, a movant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

In addition, a deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the movant must also demonstrate actual prejudice. *See id*. at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). The test's

prejudice prong requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

### 3. Petitioner's pro se status

A court reviews pro se pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, however, parties proceeding pro se are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient . . . ." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

### B. Discussion

#### 1. **Failure to properly sentence Petitioner**

Petitioner first appears to argue that her sentence is invalid because the Court failed to properly consider her age and health when the Court imposed her sentence. *See* Mot. 5. At Petitioner's Sentence Hearing, Petitioner's attorney expressly raised the issue of Petitioner's age and health in requesting a fair sentence from the Court. *See* Gov't's Ex. C (Sentence Hr'g Tr.) at 5:2-3. Plaintiff also asked the Court at the hearing to consider her age and health as mitigating factors in determining her sentence. *See* 6:20-23, 7:6-7. The Court then stated that it had considered the circumstances of the case, Petitioner's particular circumstances, the Sentencing Guidelines, the goals of the Sentencing Guidelines, and the factors of 18 U.S.C. § 3553. *See* Sentence Hr'g Tr. 12:23-13:3. The Court then sentenced Petitioner to 51 months incarceration,

which was at the bottom of the suggested guideline range. *See id.* at 13:3-5. Petitioner's argument that the Court failed to properly consider her personal circumstances is therefore directly contradicted by the record and by the Court's own recollection of events.

Moreover, Petitioner has already claimed that this Court failed to consider her particular circumstances at her Sentence Hearing when Petitioner filed her direct appeal. *See* Appeal J. 2. After considering her appeal, the Fifth Circuit held that Petitioner's sentence was reasonable and that this Court had provided all the rationale it was obligated to provide regarding her Sentence. *See id.*

"It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Webster*, 421 F.3d 308, 310 n.7 (5th Cir. 2005) (quoting *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)). Accordingly, Petitioner's claim is procedurally barred.[2]

### 2. Ineffective assistance of counsel

Petitioner next argues that her counsel provided ineffective assistance when he chose to take Petitioner's case to trial rather than have her plead guilty. *See* Mot. 5. Petitioner further states she did not agree to go to trial because "I did not want my time to be more than it was suppost [sic] to." *Id.*

All the evidence on the record contradicts Petitioner's claims. First, Petitioner's counsel, Gary Hill, has submitted an Affidavit stating that Petitioner unequivocally asserted that she was

---

[2] Petitioner may perhaps argue that the Fifth Circuit's ruling addressed only her claim that this Court failed to consider her age and criminal history at sentencing, while the instant Motion alleges a failure to consider Petitioner's age and health. *See* Appeal Judgment 2. Even if this Court were to interpret the ruling of the Fifth Circuit so narrowly, which it does not, Petitioner must show cause as to why she failed to raise this issue on direct appeal, and she must show actual prejudice. *See Torres*, 163 F.3d at 911. Petitioner has failed to do either, and is again procedurally barred from challenging her sentence in this manner. *See Drobny*, 955 F.2d at 994-95.

not guilty of the crimes with which she had been charged.  *See* Resp. Ex. D (Hill Aff.) at 1.  Hill further stated that he "explained to her on numerous occasions that a person who claims innocence cannot be pled guilty by her attorney.  She insisted on her innocence, and that is why the trial was had."  *Id.*

In addition to Hill's Affidavit, the Government submits the Affidavit of Brenda Sheehan, who is a legal secretary and interpreter for Hill.  *See* Resp. Ex. E (Sheehan Aff.) at 1.  Sheehan states that she interpreted for both Petitioner and for Hill in several meetings, and that during these meetings, Hill stated that if Petitioner insisted on her innocence, Hill could not compel her to plead guilty.  *Id.* at 1.  Sheehan further states, "Mr. Hill never forced or coerced [Petitioner] into going to trial.  He explained to her that in all probability she would be convicted on the evidence, but she never waivered [sic] in her insistence of innocence."  *Id.* at 1.

Petitioner has presented no evidence or made any allegation that contradicts Hill's statements that Petitioner maintained her innocence throughout the underlying prosecution.  Petitioner has presented no evidence nor made any allegation that she ever told Hill that she wished to plead guilty before trial.  Petitioner has presented no evidence nor made any allegation that Petitioner's counsel at any time advised Petitioner not to accept a plea offer offered by the Government.  *See* Mot. 5.  Indeed, Petitioner has presented no evidence or made any allegation that the Government even offered a plea bargain which would have reduced her potential sentence in any way.  *See id.*

In addition, the Court recalls that during Petitioner's trial, Petitioner herself took the witness stand and testified that she had not committed the crimes she was charged with.  There was nothing about Petitioner's words, actions or demeanor during her trial that demonstrated she had proceeded to trial against her wishes.

Finally, evidence of Petitioner's decision to go to trial is found in the Transcript of Petitioner's Sentence Hearing. At the Hearing, Hill stated that

> [The interpreter] and I were talking to [Petitioner] earlier today. And [Petitioner] indicated to me that had she known that she would get twice as much time if she went to trial than if she pled guilty, she would have pled guilty. But the problem is, [Petitioner] has always told me she's not guilty of the offense. So I had to try this case.

Sentence Hr'g Tr. 4:15-22.

Petitioner was standing right next to Hill when he said these statements, and Petitioner did nothing to contradict these statements when she subsequently allocuted. Indeed, later in the Sentence Hearing, Petitioner asserted once again that she had been unaware of the 81 kilograms of marijuana present in the vehicle she was driving when she was arrested, effectively re-asserting her innocence. *See id.* at 9:22-10:19.

In conclusion, the evidence is uncontradicted that Petitioner asserted her innocence throughout the pendency of all pretrial proceedings, during trial, and even at her sentencing.[3] Despite her bald claim to the contrary, Petitioner has pointed to no evidence nor made any allegation supporting her claim that she proceeded to trial against her wishes. While Petitioner now appears to claim that she would not have gone to trial had she known the magnitude of her potential sentence, "courts have been skeptical of accepting a defendant's self-serving, post-conviction statements that [s]he would have pleaded guilty if properly advised of the consequences by [her] attorney." *Gluzman v. United States*, 124 F. Supp. 2d 171, 177 (S.D.N.Y. 2000) (citing *Johnson v. Duckworth*, 793 F.2d 898, 902 n.3 (7th Cir.), *cert. denied*, 479 U.S. 937

---

[3] Petitioner did state at the Sentence Hearing that she went to trial pursuant to Hill's recommendation and that she presently wished to plead guilty. *See id.* 8:9-13, 8:25-9:1. However, once the Court explained that she could no longer plead guilty now that she had been convicted, she once again asserted her innocence. *See id.* at 9:22-10:19.

(1986)). Indeed, the Court agrees that "it is difficult to see how [Petitioner] could [have] pleaded guilty since her persistent claims of innocence would have rendered highly problematic her ability adequately to allocute in view of the [pleading procedure] requirements of [Federal Rule of Criminal Procedure] 11." *Gluzman*, 124 F. Supp. 2d at 178.

Therefore, the Court cannot and does not find Hill's legal assistance deficient because he chose to try Petitioner's case rather than force her to plead guilty, given her unwavering claims of innocence. *See, e.g, Gluzman*, 124 F. Supp. 2d at 177 (finding no ineffective assistance of counsel when petitioner's counsel failed to negotiate guilty plea in light of petitioner's persistent claims of innocence); *U.S. ex. rel. Tillman v. Alldredge*, 350 F. Supp. 189, 195-96 (E.D. Pa. 1972) ("I am not prepared to hold than an attorney who fails to explore the possibility of a plea bargain on behalf of a client who insists that he is innocent, has represented his client ineffectively."); *see also Bicaksiz v. United States*, 234 F. Supp. 2d (E.D.N.Y. 2002) (holding defendant's insistence upon his innocence a relevant factor in evaluating whether defendant was prejudiced by counsel's failure to obtain a plea bargain). Moreover, even if Petitioner's counsel's assistance were deficient, Petitioner has made no argument that such a deficiency prejudiced her. *Strickland*, 466 U.S. at 687. As stated above, a failure to show either deficiency or prejudice defeats Petitioner's claim. *See id.*

Given these facts and for all the reasons stated above, Petitioner's ineffective assistance of counsel claim fails.

### 3. Evidentiary Hearing

Given that Petitioner has pointed to no potential evidence in support of her claims, given that even her allegations fail to support a claim for ineffective assistance of counsel, and given that all evidence currently on the record contradicts Petitioner's claims, the Court holds that an

evidentiary hearing is unnecessary in this case. *United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991), *cert. denied*, 502 U.S. 1120 (1992) (no evidentiary hearing when the record clearly establishes that petitioner is not entitled to relief); *United States v. Demik*, 489 F.3d 644, 646 (5th Cir.) (Conclusory allegations in complaint that are devoid of any factual specificity are insufficient to require an evidentiary hearing), *cert. denied.*, --- U.S. ----, 128 S.Ct. 456 (2007); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("If . . . defendant's showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in light of other evidence in the record, an evidentiary hearing is unnecessary.") (citations omitted); *see also United States v. Wolfson*, 56 F.3d 1385 (5th Cir. 1995) (unpub. op.) (evidentiary hearing not necessary when claims could be resolved on the record); *Srenevasan v. United States*, No. SA-08-CA-1012-XR, 2009 WL 1850953, at *11 (W.D. Tex. June 25, 2009) (evidentiary hearing not necessary when claims are plainly refuted by the record) (citing *United States v. Bartholomew*, 974 F.2d F.2d 39, 41 (5th Cir. 1992); *Plewniak*, 947 F.2d at 1290).

## III. CERTIFICATE OF APPEALABILITY

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") converted the "certificate of probable cause" ("CPC") required to appeal from the denial of a petition for federal habeas corpus relief, including the denial of § 2255 Motions to Vacate, into a Certificate of Appealability ("CoA"). *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC); *see also Robison v. Johnson*, 151 F.3d 256, 259 n.2 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999) (stating that the CoA requirement supersedes the previous requirement for a CPC to appeal for federal habeas

corpus petitions filed after the effective date of the AEDPA); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997), *cert. denied sub nom. Monroe v. Johnson*, 523 U.S. 1041 (1998) (same). To appeal the denial of a habeas corpus petition filed under 28 U.S.C. § 2255, the petitioner must obtain a CoA. 18 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Appellate review of a habeas petition is moreover limited to the issues on which a CoA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that the scope of appellate review of denial of the habeas petition is limited to the issue on which the CoA was granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which CoA is granted. *Crutcher*, 301 F.3d at 658 n.10; *Lackey*, 116 F.3d at 151; *Hill*, 114 F.3d at 80; *Muniz*, 114 F.3d at 45; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. § 2253(c)(3).

A CoA to appeal the denial of a habeas corpus petition shall be granted only upon "a substantial showing of the denial of a constitutional right." 29 U.S.C. § 2253(c)(2); *Miller-El*, 537 U.S. at 327. The showing necessary to obtain a CoA on a particular claim depends upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, he must then demonstrate that reasonable jurists could find the Court's assessment of the constitutional claim to be debatable or wrong. *Miller-El*, 537 U.S. at 338. If the petitioner wishes to challenge this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, he must show that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2003) (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows what reasonable jurists would find it debatable whether: (1) the claim is a valid assertion of the denial of a constitutional right; and (2) the district court's procedural ruling was correct). This Court is authorized to address the propriety of granting a CoA *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After considering the entire record and Petitioner's pleadings, the Court concludes that jurists of reason would not debate whether Petitioner has stated a valid claim for relief or whether a procedural ruling in this case is correct. Accordingly, the Court declines to issue a Certificate of Appealability regarding Petitioner's claim.

### IV. CONCLUSION

Both of Petitioner Estela Lerma-Castillo's claims are without merit. Accordingly, Petitioner's Motion (**Doc. No. 45**) is **DENIED**.

Petitioner is also **DENIED** a **CERTIFICATE OF APPEALABILITY**.

A Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure shall be entered forthwith.

**SO ORDERED**.

**SIGNED** on this 8th day of September, 2009.

_KATHLEEN CARDONE_
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE